■ TROY SAND & GRAVEL COMPANY, INC., Appellant-Respondent, v RENSSELAER COUNTY, Respondent-Appellant. [603 NYS2d 618] —Mercure, J. Cross appeals from an order of the Supreme Court (Travers, J.), entered September 1, 1992 in Rensselaer County, which partially granted plaintiff's motion for summary judgment and denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff, operator of a sand and gravel mine located on River Road in the Town of Schaghticoke, Rensselaer County, appeals Supreme Court's denial of the branch of its motion for summary judgment seeking a determination that the exemption contained in Vehicle and Traffic Law § 1650 (a) (4-a) for the delivery and pickup of merchandise or other property on posted highways applies to its use of a posted portion of River Road. The evidence adduced on the motion established that the most direct route for plaintiff's trucks to travel between its mine and State Route 67 is to turn right upon exiting the mine and proceed north on River Road to Route 67. However, in August 1989, defendant posted 10-ton weight limit signs prohibiting plaintiff's use of this portion of River Road. In order to comply with the posted restrictions, plaintiff's trucks are required to travel south on River Road and then northeast on Allen Road to Route 67. According to plaintiff, use of the

latter route adds about 15 minutes to each trip and requires it to traverse a narrow dirt road up and down steep grades, endangering its drivers and other users of the road. Defendant's engineer asserts in response that the alternate route is necessary to prevent destruction of significant improvements to the portion of River Road situated north of the mine entrance, that Allen Road is "a viable route" for plaintiff's trucks and that the grade is not severe or excessive. Supreme Court concluded that the exemption of Vehicle and Traffic Law § 1650 (a) (4-a) applies only to "the occasional delivery or pick up to or from properties * * * that otherwise would be inaccessible because of the weight restrictions" and not to businesses, such as plaintiff, "that happen[ ] to be located on the weight restricted highway".

We affirm, but for a different reason than that expressed by Supreme Court. In our view, determination of plaintiff's motion turns on the unresolved factual issue of whether plaintiff's trucks may safely use Allen Road for access to Route 67. As we interpret it, the exemption of Vehicle and Traffic Law § 1650 (a) (4-a) for the benefit of vehicles that are "otherwise excluded" does not apply to plaintiff if it has an appropriate alternate route between its facility and Route 67. On the other hand, if acceptable alternate access is not available, plaintiff is "excluded" within the purview of the statute and the exemption applies. Implicit in our analysis is our rejection of plaintiff's unsupported contention that Vehicle and Traffic Law § 1650 (a) (4-a) does not permit the posting of a portion of a county highway.

As a final matter, we note that defendant has not pursued its cross appeal but, rather, seeks affirmance of Supreme Court's order. Accordingly, we conclude that defendant has abandoned its reliance upon Vehicle and Traffic Law § 1650 (a) (4) as authority for the posting and acquiesces in Supreme Court's nullification of the posting under that statutory provision.

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.